Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5180 | **DATE** | 1/30/2002 |
| **CASE TITLE** | Richard Schaps et al vs. John B. McCoy et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we deny the motion of defendants John McCoy, Richard Lehman, David Vitale, Verne Istock, Michael McMennamin, William Boardman, and Bank One Corporation (#8-1) to dismiss plaintiffs' First Amended Complaint.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 31 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 20 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | 02 JAN 31 AM 8:23 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD SCHAPS, individually and as Trustee, )
KATE SCHAPS, ERIC SCHAPS, individually )
and as Trustee, NILUFER SCHAPS, )
ROBERT SCHAPS, individually and as Trustee, )
DIANA SCHAPS, JACK SCHAPS, )
and FLORENCE SCHAPS, )
)
                   Plaintiffs, )
) No. 00 C 5180
    v. )
) Judge Wayne R. Andersen
JOHN B. McCOY, JR., RICHARD J. )
LEHMAN, DAVID J. VITALE, )
VERNE G. ISTOCK, )
MICHAEL J. McMENNAMIN, )
WILLIAM P. BOARDMAN, and )
BANK ONE CORP., )
)
                   Defendants. )

DOCKETED JAN 3 1 2002

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of defendants Bank One Corporation ("Bank One"), John McCoy, Richard Lehmann, David Vitale, Verne Istock, Michael McMennamin, and William Boardman to dismiss plaintiffs' First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6), Fed.R.Civ.P. 9(b), and the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(b)(1) et seq. For the following reasons, we deny the motion to dismiss.

## BACKGROUND

Plaintiffs' allegations in this case contain nearly verbatim allegations as those set forth in the related Evergreen Fund consolidated class action suit. On November 1, 2000, we issued a



comprehensive Memorandum Opinion and Order in the Evergreen Fund consolidated class action case in which we granted in part and denied in part consolidated motions to dismiss very similar to the motion presented in the instant case. A comprehensive overview of the facts underlying these disputes is presented in our November 1, 2000 Opinion at pages 3-9.

This action is brought asserting claims under sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, 77(o), based upon allegedly false statements or omissions regarding facts material to a merger between First Chicago NBD ("FCN") and Bank One Corporation, effective October 2, 1998. This action is also premised upon Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, promulgated by the Securities Exchange Commission thereunder.

Plaintiffs' First Amended Complaint in this case contains four causes of action: 1) Count I is a claim against Bank One for a violation of § 11 of the Securities Act; 2) Count II is a Securities Act § 11 claim against the individual defendants; 3) Count III is a Securities Act § 15 claim against the individual defendants; and 4) Count IV is a claim against all defendants except David Vitale and Verne Istock for a violation of the Securities Exchange Act of 1934 § 10(b) and Rule 10b-5.

## DISCUSSION

The defendants state that the Securities Act claims in Counts I, II and III "contain nearly *verbatim* allegations as those set forth in the Evergreen Fund cases." The arguments that defendants raise against these claims are those that were rejected by the Court in our Memorandum, Opinion and Order of November 1, 2000 and in our denial of reconsideration of that ruling on April 9, 2001.

2

In the current motion to dismiss before this Court, the defendants have identified no reason for us to differentiate our treatment of Schaps' Counts I, II and III from our treatment of the Securities Act claims in the consolidated class action suit. Therefore, the defendants' motion to dismiss Counts I, II and III of Schaps' First Amended Complaint is denied for the reasons stated in our November 1, 2000 Opinion at pages 9-16.

The sole remaining issue raised by defendants' motion concerns Schaps' Count IV, which alleges liability under §10(b) of the Securities Exchange Act and Rule 10b-5. Thus, we will address this issue.

I. Standard Of Review

Defendants' motion to dismiss implicates the Federal Rules of Civil Procedure 12(b)(6) and 9(b), as well as the PSLRA. A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests whether the plaintiff has stated a claim, not whether the plaintiff will prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In deciding a motion to dismiss, the court must assume all facts in the complaint to be true, construe the allegations liberally, and view the allegations in a light most favorable to the plaintiff. Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997). The court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) only if it is clear that no relief could be granted under any set of facts consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Rule 9(b) requires plaintiffs to plead "the circumstances constituting fraud . . . with particularity." In re HealthCare Compare Corp. Sec. Litig., 75 F.3d 276, 281 (7th Cir. 1996). This means the who, what, when, where, and how: the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990). The stringent pleading

3

requirement under Rule 9(b) serves three main purposes: "to protect defendants' reputations, to prevent fishing expeditions, and to provide adequate notice to defendants of the claims against them." Chu v. Sabratek Corp., 100 F. Supp.2d 815, 819 (N.D. Ill. 2000).

In addition to the above legal standards, the PSLRA amendments to the Securities Exchange Act raise the pleading standards in securities fraud cases, requiring the plaintiffs to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). The PSLRA also requires the plaintiffs to "specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading." 15 U.S.C.§ 78u-4(b)(1).

With these standards in mind, we take as true all well-pleaded facts of the complaint, but we will dismiss the claim if it fails to satisfy the heightened pleading requirements of Rule 9(b) or the PSLRA.

II. Elements Of A § 10b-5 Claim

The elements of a § 10b-5 claim are that: 1) the defendant made a false statement or omission; 2) of a material fact; 3) with scienter; 4) in connection with the purchase or sale of securities; 5) upon which the plaintiff justifiably relied; 6) and the false statement proximately caused the plaintiffs' damages. Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997).

In this case, defendants contend that the plaintiffs' claims must fail because the facts alleged do not support a finding of "a strong inference" of scienter. Scienter refers to a mental state embracing the intent to deceive, manipulate or defraud. See Ernst & Ernst v. Hochfelder,

425 U.S. 185, 193 n.12 (1976). The Seventh Circuit has interpreted Hochfelder as establishing that "reckless disregard for the truth counts as intent" for the purpose of the § 10(b) scienter requirement. SEC v. Jakubowski, 150 F.3d 675, 681 (7th Cir. 1998).

The PSLRA amendments did not change the substantive provision of the Exchange Act's scienter requirement. Most courts which have construed the scienter requirement after the PSLRA have concluded that allegations of recklessness continue to be sufficient to state a claim under § 10(b). See, e.g., Chu v. Sabratek Corp., 100 F. Supp.2d 815 (N.D. Ill. 2000); In re Spyglass Inc. Sec. Litig., 1999 WL 543197 at *7 (N.D. Ill. July 21, 1999). "Reckless conduct is, at least, conduct which is highly unreasonable and which represents an extreme departure from standards of ordinary care . . . to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." Rehm v. Eagle Fin. Co., 954 F. Supp. 1246, 1255 (N.D. Ill. 1997).

Under the PSLRA, a plaintiff alleging securities fraud must allege facts that afford "a strong inference" for believing that plaintiffs could prove scienter. As to the pleading requirements, there is a disagreement among the various Circuits. Although the Seventh Circuit has not yet ruled on this issue, several courts in this district have held that the PSLRA codified the standard enunciated by the Second Circuit. See, e.g., Danis v. USN Communications, Inc., 73 F. Supp 2d 923, (N.D. Ill. 1999); Chu, 100 F. Supp.2d at 822. Under the Second Circuit's test, a plaintiff may allege scienter by either: 1) showing that the defendants had both the motive and opportunity to commit fraud; or 2) establishing strong circumstantial evidence of conscious behavior or recklessness. Press v. Chemical Inv. Servs.

Corp., 166 F.3d 529, 538 (2d Cir. 1999). We believe that this is the correct standard. Therefore, we agree with Judge Castillo's clear enunciation in Chu that:

> the PSLRA's only requirement is that the facts alleged must give rise to a "strong inference" of the defendant's scienter. The *type* of facts with which a plaintiff pleads scienter factor little into our analysis, as long as the overall facts give rise to a "strong inference" of scienter. Thus, a plaintiff may use "motive and opportunity" or "circumstantial evidence" to establish scienter under the PSLRA, as long as those facts support a strong inference "that the defendant acted recklessly or knowingly."

Chu, 100 F. Supp.2d at 823 (citations omitted). With these standards in mind, we will analyze the facts presented in the instant case to determine whether scienter is properly alleged.

### III. The Allegations In This Case Establish Scienter

The allegations in First Amended Complaint in this case create a strong inference that the defendants acted either intentionally or recklessly. The allegations establish the actionability of the allegedly materially misleading statements in the merger documents. As support for the claim of actionable knowledge or recklessness, the First Amended Complaint alleges that: 1) a widespread pattern of credit abuses throughout the First USA division; 2) several class action suits regarding credit card operations had been filed before the effective date of the merger; 3) the defendants were aware of the processing problems; 4) the merger documents contained false and misleading statements and the defendants knew it or recklessly disregarded it; 5) the motive was to inflate the price of Old Banc One stock to profit through the sale of inflated shares and to obtain executive compensation incentives, and to attempt to otherwise inflate the value by acquiring other banks using inflated Bank One stock; 6) the defendants were aware that there had been a substantial increase in fee income, yet intentionally or recklessly turned a blind eye to the reasons for the growth, despite knowledge of the lack of

6

adequate controls to assure compliance with laws; 7) the defendants knew that a substantial increase in fee income is often a sign that cardholders will depart in droves to seek more economically beneficial credit cards; and 8) the purpose was to induce FCN shareholders to exchange their shares for Bank One shares at an artificially inflated price.

We find that, in the First Amended Complaint, plaintiffs have alleged motive and opportunity and other circumstantial evidence sufficient to establish scienter. The facts alleged support a "strong inference" that the defendants acted recklessly or knowingly. Therefore, the defendants' motion to dismiss Count IV is denied.

## CONCLUSION

For the foregoing reasons, we deny the motion of defendants John McCoy, Richard Lehman, David Vitale, Verne Istock, Michael McMennamin, William Boardman, and Bank One Corporation (#8-1) to dismiss plaintiffs' First Amended Complaint.

Wayne R. Andersen
United States District Judge

Dated: January 30, 2002